**SO ORDERED.**

**SIGNED this 31st day of July, 2023.**



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge

Designated for online publication
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In re: | |
| Bear Communications, LLC, | Case No. 21-10495-11 |
| Debtor. | |
| Scott J. Goldstein, as Trustee of the Liquidating Trust of Bear Communications, LLC, | |
| Plaintiff, | Adversary No. 23-5007 |
| v. | |
| Brett T. Niles, et al., | |
| Defendants. | |

**Report and Recommendation to the District Court on
Motion to Withdraw Reference**

With this Report and Recommendation, the Court considers the motion to withdraw the reference of this adversary proceeding as it relates to the claims made against certain defendants and transfer adjudication of the claims against those defendants to the United States District Court for the District of Kansas. This Court recommends, pursuant to 28 U.S.C. § 157(d) and District of Kansas Rule 83.8.6, that the District Court withdraw the reference as to the claims further detailed herein on which the moving defendants have the right to a jury trial, but not unless and until those claims against those defendants are ready for trial.

## I.    Factual Background and Procedural History

Defendant Brett Niles is the 100% equity owner of the Chapter 11 debtor Bear Communications, LLC ("Debtor"), a telecommunications and construction business. On January 1, 2021, Debtor and Midcontinent Communications ("Midco") entered into a contract for Debtor to perform certain residential voice, video, and data installation services.

Two months later, on March 11, 2021, Mr. Niles formed a separate entity, defendant Open Country, LLC, a company that, like Debtor, performs long-haul fiber construction. Mr. Niles owns 75% of Open Country, LLC, and defendants Travis Bemis and Todd Gatzke each own 12.5% of the LLC.

About two months after Open Country, LLC was formed, on May 28,

2021, Debtor filed its Chapter 11 petition. The complaint in the adversary proceeding now under consideration alleges that at some point, date unknown, Mr. Niles assigned Debtor's Midco contract to Open Country, LLC. The complaint contends Mr. Bemis and Mr. Gatzke encouraged Mr. Niles to assign Debtor's rights and obligations under the contract to Open Country, LLC. Mr. Niles also caused two checks from Midco—totaling more than $300,000—to be deposited in the bank account of Open Country, LLC. The complaint alleges the checks were for work that Open Country, LLC performed on the Midco contract.

Mr. Niles was Debtor's chief executive officer until September 27, 2021, at which point he stepped aside. More than a year later, on November 28, 2022, this Court confirmed Debtor's liquidating Chapter 11 plan, and the Liquidating Trust of Bear Communications, LLC ("Liquidating Trust") was formed. The Liquidating Trust is vested with all right, title, and interest in causes of action belonging to Debtor. Scott Goldstein is the trustee of the Liquidating Trust ("Liquidating Trustee").

The Liquidating Trustee filed this adversary complaint on February 21, 2023. The adversary complaint states multiple claims against Mr. Niles and his spouse, defendant Amelia Niles, the majority of which are related to the avoidance, recovery, and turnover of a $1,000,000 transfer allegedly made

from Debtor to Mr. Niles on March 16, 2021 (five days after Open Country, LLC was formed), and other similar or subsequent transfers. These counts are for avoidance of preferential transfers under 11 U.S.C. § 547, avoidance of actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) and § 544 and the Kansas Uniform Fraudulent Transfer Act, avoidance of constructively fraudulent transfers under 11 U.S.C. § 548(a)(1)(B) and § 544 and the Kansas Uniform Fraudulent Transfer Act, and for turnover under 11 U.S.C. § 542.[1] The complaint also states a breach of fiduciary duty claim against Mr. Niles.[2] Finally, the complaint states a claim for injunctive relief, seeking to prevent

---

[1] These Counts are as follows:
- Count 1: avoidance of a preferential transfer pursuant to 11 U.S.C. § 547, against Mr. Niles.
- Count 2: avoidance of actual fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A), against both Mr. Niles and Ms. Niles.
- Count 3: avoidance of constructively fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B), against both Mr. Niles and Ms. Niles.
- Count 4: avoidance of actual fraudulent transfers pursuant to 11 U.S.C. § 544 and § 33-204(a)(1) of the Kansas Uniform Fraudulent Transfer Act, against Mr. Niles.
- Count 5: avoidance of constructively fraudulent transfers pursuant to 11 U.S.C. § 544 and § 33-204(a)(2) of the Kansas Uniform Fraudulent Transfer Act, against Mr. Niles and Ms. Niles.
- Count 6: avoidance of fraudulent transfers pursuant to 11 U.S.C. § 544 and § 33-205(a) of the Kansas Uniform Fraudulent Transfer Act, against Mr. Niles and Ms. Niles.
- Count 7: avoidance of fraudulent transfers pursuant to 11 U.S.C. § 544 and § 33-205(b) of the Kansas Uniform Fraudulent Transfers Act, against Mr. Niles and Mss. Niles.
- Count 8: turnover of property of the estate pursuant to 11 U.S.C. § 542, against Ms. Niles.

[2] Count 15.

4

Mr. and Ms. Niles from transferring their real property until the adversary proceeding is resolved.[3]

The complaint also states multiple counts against three affiliate companies of Mr. Niles, also named as defendants, alleging fraudulent transfers from Debtor and/or Mr. Niles to those entities: Big Bear Investments, LLC ("Bear Investments"), Big Bear Leasing, LLC ("Bear Leasing"), and The Oaks Game Farm, LLC ("The Oaks").[4] Mr. Niles owns 100% of Bear Investments and Bear Leasing. Mr. Niles's relationship to The Oaks is not stated, but it is alleged he "formed" the entity in September 2011.

---

[3] Count 21. On March 9, 2023, the Liquidating Trustee and the Niles parties entered an agreed order for injunctive relief, enjoining Mr. Niles and Ms. Niles "from transferring, dissipating, concealing, secreting, granting consensual liens or rights to third parties, assisting any third party to obtain consensual liens or rights, or otherwise disposing of or conveying any interest relating to" the real property described in the complaint. Doc. 30 p. 2.

[4] These counts are as follows:

- Count 9: avoidance of actual fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A), against Bear Leasing, Bear Investments, and The Oaks.
- Count 10: avoidance of constructively fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B), against Bear Leasing, Bear Investments, and The Oaks.
- Count 11: avoidance of actual fraudulent transfers pursuant to 11 U.S.C. § 544 and § 33-204(a)(1) of the Kansas Uniform Fraudulent Transfer Act, against Bear Leasing, Bear Investments, and The Oaks.
- Count 12: avoidance of constructively fraudulent transfers pursuant to 11 U.S.C. § 544 and § 33-204(a)(2) of the Kansas Uniform Fraudulent Transfer Act, against Bear Leasing, Bear Investments, and The Oaks.
- Count 13: avoidance of fraudulent transfers pursuant to 11 U.S.C. § 544 and § 33-205(a) of the Kansas Uniform Fraudulent Transfer Act, against Bear Leasing, Bear Investments, and The Oaks.

Regarding Open Country, LLC, Mr. Bemis, and Mr. Gatzke, the

complaint again states multiple counts, as follows:

- Count 14: avoidance of postpetition transfers pursuant to 11 U.S.C. § 549, against Open Country, LLC.

- Count 16: aiding and abetting a breach of fiduciary duty, against Mr. Bemis and Mr. Gatzke.

- Count 17: tortious interference with business expectancy, against Open Country, LLC, Mr. Bemis, Mr. Gatzke, and Mr. Niles.

- Count 18: conversion, against Open Country, LLC.

- Count 19: successor liability, against Open Country, LLC.

- Count 20: alter ego and veil piercing, against Bear Investments, Bear Leasing, Open Country, LLC, and The Oaks.

The complaint then contains a reservation of rights for the Liquidating

Trustee to add additional causes of action as discovery proceeds. The

Liquidating Trustee contends he intends to supplement the complaint with

additional claims against Mr. Bemis and Mr. Gatzke; he argues Debtor

assigned additional contracts to Open Country, LLC, the LLC collected

additional funds Debtor was entitled to, and Open Country, LLC was

"created with the intent to siphon off the Debtor's valuable contract rights,

intellectual property, and other assets."[5]

On March 3, 2023, Mr. Bemis, Mr. Gatzke, and Open Country, LLC

---

[5] Doc. 65 p. 4.

were served with the Liquidating Trustee's adversary complaint. On April 3, 2023, counsel entered his appearance for these defendants and upon request, the Court extended the answer deadline for the defendants to June 30, 2023. On June 29, 2023, Mr. Bemis, Mr. Gatzke, and Open Country, LLC (hereinafter, the "Moving Defendants") filed answers to the complaint, a jury demand on all claims against them, and the motion to withdraw reference being considered herein.

## II.    Analysis

### A.    *Jurisdiction and Motions to Withdraw Reference Generally*

#### 1.    *The Bankruptcy Court's Jurisdiction*

Federal statutes grant jurisdiction over "all cases under title 11" and "all civil proceedings arising under title 11, or arising in or related to cases under title 11" to federal district courts.[6] District courts are then permitted to refer these cases to bankruptcy courts,[7] and the United States District Court for the District of Kansas has exercised that authority.[8] A matter that has no existence outside of bankruptcy is a "core" proceeding, and this Court has

---

[6] 28 U.S.C. § 1334(a) and (b).
[7] *See* 28 U.S.C. § 157(a).
[8] D. Kan. Standing Order 13-1 printed in D. Kan. Rules of Practice and Procedure (March 2018) (referring to the District's Bankruptcy Judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013).

7

authority to enter final orders and judgments in core proceedings.[9] A proceeding that does not invoke a substantive right under federal bankruptcy law is non-core, and in some circumstances a bankruptcy court must submit proposed findings of fact and conclusions of law to a district court for entry of final judgment.[10]

2. *Law Governing Demands for Jury Trial and Motions to Withdraw Reference*

Section 157 of title 28 provides the governing law for withdrawal of the reference to bankruptcy courts, and also provides the parameters for bankruptcy courts for proceedings to which a jury trial right attaches. It states, in pertinent part:

> (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. . . .

> (e) If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

The Moving Defendants seek to withdraw reference of the claims against them in this proceeding under 28 U.S.C. § 157(d). The "cause" alleged by the

---

[9] *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) ("Core proceedings are proceedings which have no existence outside of bankruptcy."); 28 U.S.C. § 157(b)(1).

[10] *In re Gardner*, 913 F.2d at 1518; 28 U.S.C. § 157(c)(1).

8

Moving Defendants is their demand for a jury trial on the claims made against them, and their non-consent to jury trial in the bankruptcy court.

Regarding demands for jury trials, under Federal Rule of Civil Procedure 38,[11] a party may demand a trial by jury by making the demand "no later than 14 days after the last pleading directed to the issue is served."[12] Then under District of Kansas Rule 83.8.13(a), a district judge "shall conduct" all jury trials when "no consent to jury trial before a bankruptcy judge has been given."

Finally, there are several District of Kansas Rules that impact the procedure for motions to withdraw the reference. District of Kansas Rule 83.8.6 governs the procedure for transfer of particular proceedings for hearing and trial in the District Court. Rule 83.8.6(a) requires a party seeking transfer to file a motion stating the grounds alleged for transfer, and Rule 83.8.6(b) governs the time for filing a motion for transfer. When the moving party is a defendant, "the motion shall be filed within 20 days after the movant has entered an appearance or been served with summons or notice."[13] Subsection (b) of the Rule also states: "Failure to timely move for

---

[11] Federal Rule of Civil Procedure 38 is applicable to bankruptcy adversary proceedings via Federal Rule of Bankruptcy Procedure 9015.

[12] Fed. R. Civ. P. 38(b)(1).

[13] D. Kan. Rule 83.8.6(b).

transfer of a particular proceeding for hearing and trial by a district judge shall be construed as consent to final entry of judgment in the Bankruptcy Court." In addition, District of Kansas Rule 83.8.7 states where a party "challenges the authority of the Bankruptcy Court to enter final judgment," the party shall make a motion as required by Rule 83.8.6 which "shall be made within the time periods fixed" by that Rule.

To summarize the statutory sections and Federal and District of Kansas Rules at play:

- 28 U.S.C. § 157(d) – a district court may withdraw the reference "on timely motion . . . for cause shown."

- 28 U.S.C. § 157(e) – a bankruptcy court is authorized to hold a jury trial if, among other conditions, the "express consent of all the parties" is given.

- Federal Rule of Civil Procedure 38(b) – a jury trial demand must be served "no later than 14 days after the last pleading directed to the issue."

- District of Kansas Rule 83.8.6(a)-(b) – a motion is required if a party seeks transfer, and if the movant is an original defendant, "the motion shall be filed within 20 days after movant has entered an appearance or been served with summons or notice."

- District of Kansas Rule 83.8.13(a) – a district judge "shall conduct" all jury trials when "no consent to jury trial before a bankruptcy judge has been given."

B.    *Timeliness of the Moving Defendants' Motion*

In this case, the Moving Defendants were all served on March 3, 2023,

10

and counsel entered his appearance for Moving Defendants in the adversary proceeding on April 3, 2023. The motion for transfer was not filed until June 29, 2023. As noted above, under District of Kansas Rule 83.8.6(b), a motion to withdraw the reference is due "within 20 days" of entrance of appearance or service of summons or notice. Even if the twenty-day deadline of Rule 83.8.6(b) was counted from counsel's appearance in the proceeding and not service, the latest the twenty days would have run was April 23, 2023, more than two months before the motion was actually filed.

The Moving Defendants argue, however, that because they filed a timely demand for a jury trial under Federal Rule of Civil Procedure 38(b)(1) and have not consented to a jury trial in the Bankruptcy Court, cause exists for transfer to the District Court regardless of the twenty-day deadline of District of Kansas Rule 83.8.6, arguing that 28 U.S.C. § 157(e) and District of Kansas Rule 83.8.13 require the jury trial to be heard by a district judge. Again, as noted above, under Federal Rule of Civil Procedure 38, a party may demand a trial by jury by making the demand "no later than 14 days after the last pleading directed to the issue is served."[14] Under District of Kansas Rule 83.8.13, a bankruptcy judge may only conduct a jury trial only when the parties consent. The Moving Defendants filed their jury demand, and non-

---

[14]  Fed. R. Civ. P. 38(b)(1).

consent to trial in the bankruptcy court, the same date they filed their answers to the complaint and their motion for withdrawal of reference.

A similar situation arose in a recent case in this District, *Redmond v. Tarpenning (In re US Real Estate Equity Builder, LLC),*[15] wherein the interplay of the governing statutes and rules was analyzed. In *US Real Estate Equity Builder, LLC*, the plaintiff filed his complaint on October 1, 2022, and an amended complaint a day later, on October 2, 2022. The defendants were served with summons on October 11, 2022, and counsel for the defendants entered an appearance on November 10, 2022. Upon request, the time to answer the complaint was extended to December 1, 2022, and the defendants filed an answer that date. The defendants did not file a jury demand and motion for withdrawal of reference until December 15, 2022, fourteen days after they filed their answer.

Under District of Kansas Rule 38.8.6, the defendants' motion for withdrawal of reference was due, at latest, on November 30, 2022, twenty days after counsel entered an appearance in the adversary on November 10. But under Federal Rule of Civil Procedure 38, the defendants' demand for a jury trial was not due until the date it was filed—December 15, 2022—

---

[15] No. 20-21358, Adv. No. 22-6048, Recommendation that District Court Decline to Withdraw the Reference Until the Jury-Triable Claims Against Movants are Ready for Trial (Bankr. D. Kan. Apr. 20, 2023) (Berger, J.).

12

because the jury demand is not due until fourteen days after the last pleading filed. As a result, the bankruptcy court in *US Real Estate Equity Builder, LLC*, reasoned the defendants' motion to withdraw reference was timely in that case. While a bankruptcy court is authorized to hold a jury trial under 28 U.S.C. § 157(e) and District of Kansas Rule 83.8.13, the bankruptcy court may only do so when the parties' consent, per both the statute and Local Rule. The bankruptcy court in *US Real Estate Equity Builder, LLC* concluded the lack of consent to trial in the bankruptcy court supplied the "cause" for withdrawal of reference under District of Kansas Rule 38.8.6(b). As a result, the bankruptcy court reasoned, the cause to support a motion to withdraw the reference did not arise until the demand for jury trial was made. Because the demand for a jury trial was timely made under Federal Rule of Civil Procedure 38, the bankruptcy court reasoned the motion for withdrawal of reference was timely made.

Here, the time frame is even more forgiving. The Moving Defendants timely filed their demand for a jury trial the same date they filed their answer and their motion for withdrawal of reference. Any court would be hard-pressed to find a waiver of Moving Defendants' jury trial rights in this situation—Moving Defendants demanded the jury trial the same time they

13

filed their first pleading in the proceeding.[16] This is not a situation where a party has caused delay[17] or failed to file the motion to withdraw reference at all,[18] and Moving Defendants certainly filed their motion "at the first reasonable opportunity."[19] Because the Moving Defendants do not consent to a jury trial in this Court, under 28 U.S.C. § 157(e) and District of Kansas Rule 83.8.13, a jury trial must be held in the District Court. Based on these

---

[16] This case is more similar to situations where a withdrawal motion was granted. *See, e.g., DePaola v. Price (In re Price)*, No. 2:06mc3317-MHT, 2007 WL 2332536, at *3 (M.D. Ala. Aug. 13, 2007) (a motion under 28 U.S.C. § 157(d) is timely when "it was made as promptly as possible in light of the developments in the bankruptcy proceeding, or, more simply, if it was made at the first reasonable opportunity"); *Redmond v. Hassan (In re Hassan)*, 375 B.R. 637, 647 (Bankr. D. Kan. 2006) (finding an "inadvertent waiver" of the jury trial right through a failure to file a motion for withdrawal of reference within applicable time limits but recommending the district court exercise its discretion to excuse the waiver because other parties were timely alerted to the jury trial demand and there would be no prejudice).

[17] *See Commercial Fin. Servs., Inc. v. Temple (In re Commercial Fin. Servs., Inc.)*, 97 F. App'x 238, 2004 WL 433065, at *1 (10th Cir. 2004) (unpublished) (refusing to hear appeal due to lack of jurisdiction, but noting the district court's order denying a motion to withdraw the reference because the motion was filed nine months after the jury demand); *Commercial Fin. Servs. Inc. v. Temple (In re Commercial Fin. Servs., Inc.)*, No. 98-05162-R, 2003 WL 22927208, at *3 (N.D. Okla. Apr. 25, 2003) ("The reason for the timeliness requirement is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics." (internal quotations and citations omitted).

[18] *E.g.*, *Stainer v. Latimer (In re Latimer)*, 918 F.2d 136, 137 (10th Cir. 1990) (noting that to avoid waiver of the jury trial right, a party must combine the request for jury trial with a request to transfer to the district court; affirming district court conclusion that jury trial was waived where no transfer request was ever made).

[19] *See Collier on Bankruptcy* ¶ 5011.01[2] (Richard Levin & Henry J. Sommer eds., 16th ed.) (noting that while 28 U.S.C. § 157(d) does not define a "timely" motion for withdrawal of reference, courts interpret "timely" to mean "at the first reasonable opportunity").

14

considerations, this Court recommends the District Court conclude the Moving Defendants timely moved for withdrawal of the reference under 28 U.S.C. § 157(d).[20]

## C. Merits of Withdrawal

That stated, the Moving Defendants must also show they are entitled to withdrawal of the reference.[21] As noted above, the Moving Defendants seek withdrawal of the reference and transfer to the District Court for cause, under 28 U.S.C. § 157(d) and D. Kan. Rule 83.8.6(a)(6). The cause alleged is a right to jury trial—and non-consent to that jury trial by the bankruptcy court.

Cause for withdrawal of the reference is not defined by 28 U.S.C. § 157(d). Demand for jury trial has been recognized as cause for withdrawal of reference.[22] In addition, when analyzing motions to withdraw reference,

___

[20] As the bankruptcy court pointed out in *US Real Estate Equity Builder, LLC*, even if a jury trial was not "properly demanded" by the Moving Defendants under Federal Rule of Civil Procedure 38, Rule 39(b) permits a court to "order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b), applicable to bankruptcy proceedings via Fed. R. Bankr. P. 9015. The Tenth Circuit directs that "a jury trial should be granted in the absence of strong and compelling reasons to the contrary." *Green Constr. Co. v. Kan. Power & Light Co.*, 1 F. 3d 1005, 1011 (10th Cir. 1993) (internal quotation marks omitted). There do not appear to be any compelling reasons to deny a demand for jury trial here.

[21] The burden of establishing cause to withdraw the reference is on the moving party. *Collier on Bankruptcy* ¶ 5011.01[1][b] (Richard Levin & Henry J. Sommer eds., 16th ed.).

[22] *Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty)*, 19 B.R. 653, 655 (D. Kan. 1995) ("Sufficient cause for withdrawal of

courts "consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."[23] Courts also consider whether the claims are core or non-core, because non-core claims may require the entry of final judgment by a district court.[24]

The Seventh Amendment to the United States Constitution preserves the right to trial by jury in "suits at common law," meaning "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered."[25] Federal law determines whether there is a right to a jury trial in a case involving state law that has been brought in federal

---

reference exists where the adversary proceeding concerns matters for which there is a right to a jury trial, a timely demand for a jury trial, and no mutual consent to trial before the bankruptcy court.").

[23] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *see also Collier on Bankruptcy* ¶ 3.04[1][b] at 3-54 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("It has been stated that, in determining whether cause exists for withdrawing the reference, the court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, conservation of debtors' and creditors' resources, expediting the bankruptcy process, and the right to a jury trial.").

[24] *In re Hardesty)*, 190 B.R. at 654.

[25] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). The Moving Defendants have not filed claims in Debtor's bankruptcy case. *Cf. id.* at 43 (finding "defendants have a constitutional right to a jury trial when sued by a bankruptcy trustee under § 548(a) to recover an allegedly fraudulent monetary transfer, if they have not submitted a claim against the bankruptcy estate").

16

court.[26]

The Liquidating Trustee's adversary complaint has two counts against Mr. Bemis and Mr. Gatzke (Counts 16 and 17), one for aiding and abetting a breach of fiduciary duty and one for tortious interference with a business expectancy. For both claims, the Liquidating Trustee seeks damages equal to the revenue Open Country, LLC collected from the Midco contract the Liquidating Trustee alleges was transferred from Debtor. Both claims are non-core causes of action arising under Kansas state law and are legal claims for monetary damages; there is unquestionably "a federal constitutional right to trial by jury" for each claim against Mr. Bemis and Mr. Gatzke.[27]

The Liquidating Trustee's adversary complaint then has five counts against Open Country, LLC: Count 14, for avoidance of postpetition transfers pursuant to 11 U.S.C. § 549; Count 17, for tortious interference with a business expectancy; Count 18, for conversion; Count 19, for successor

---

[26] *Simler v. Conner*, 372 U.S. 221, 221 (1963).

[27] *Parks v. Persels & Assocs., LLC (In re Ballway)*, No. 10-13945, 2011 WL 1770996, at *3 (Bankr. D. Kan. Apr. 20, 2011) (analyzing the Seventh Amendment right to a jury trial and concluding a claim for breach of fiduciary duty is a legal claim "for which there is a federal constitutional right to trial by jury"); *see also Freebird Commc'ns, Inc. Profit Sharing Plan v. Roberts*, No. 2:18-cv-02026-HLT, 2019 WL 5964583, at *6 (D. Kan. Nov. 13, 2019) (analyzing Kansas state law on aiding and abetting breach of fiduciary duty); *Rebein v. Kost (In re III, Inc.)*, No. 03-22200, 2006 WL 5497810, at *11 (Bankr. D. Kan. Mar. 3, 2006) (discussing Kansas state law claim of tortious interference with contract and concluding "a tort claim seeking money damages is a legal claim").

Case 23-05007    Doc# 69    Filed 07/31/23    Page 17 of 22

liability; and Count 20, for alter ego and veil piercing. As noted above, Count 17, for tortious interference with a business expectancy, is a non-core cause of action arising under Kansas state law, a legal claim for money damages, and is triable by jury. Count 18, for conversion, is similar to the other Kansas state law counts—it seeks damages equal to the payments received pursuant to the Midco contract allegedly transferred to Open Country, LLC by Debtor. Likewise similar to the other Kansas state law counts, a claim for conversion is a non-core, jury triable claim because it seeks money damages for a violation of a legal right.[28]

Different, however, is Count 14, for avoidance of postpetition transfers pursuant to 11 U.S.C. § 549. In that count, the Liquidating Trustee seeks avoidance of the assignment of the Midco contract from Debtor to Open Country, LLC, as well as avoidance of the transfers of the "equipment, vehicles, and trailers belonging to Debtor" that were allegedly used by Open Country, LLC. The Tenth Circuit has held that the Seventh Amendment jury trial right does *not* attach to an action to recover postpetition transfers for a

---

[28] *Dynamic Drywall, Inc. v. McPherson Contractors, Inc. (In re Dynamic Drywall, Inc.)*, No. 14-11131, 2015 WL 4497967, at *4 (Bankr. D. Kan. July 21, 2015) (citing cases and stating "a claim for money damages for conversion of personal property is an action at law for which defendants have a right to jury trial"); *see also Redmond v. Hassan (In re Hassan)*, 376 B.R. 1, 15 (Bankr. D. Kan. 2007) (same).

bankruptcy estate under 11 U.S.C. § 549.[29] The Tenth Circuit reasoned that recovery of an unauthorized postpetition transfer is intended to protect the bankruptcy estate, and "is equitable in nature."[30]

This claim for recovery of postpetition transfer is therefore the only explicit, non-jury trial claim made against Open Country, LLC. Both Count 19 (successor liability) and Count 20 (alter ego and veil piercing) are theories of liability that are or may be related to other core bankruptcy claims. Both successor liability and alter ego/veil stripping are not independent causes of action but are legal bases for imposing liability against either Open Country, LLC or against Mr. Bemis and Mr. Gatzke for claims made in other counts. As a result, the claims made against Open Country, LLC are a mix of non-core, state law claims for which a jury trial is available (Count 17 and Count 18), and a core, bankruptcy specific claim that does not carry a jury trial right (Count 14).

Ultimately, this Court concludes the balance of factors weighs in favor of withdrawal of the reference of the jury-triable claims made against the Moving Defendants. There is no forum shopping and no indication of tactical

---

[29] *Jobin v. Youth Benefits Unlimited, Inc. (In re M & L Bus. Mach. Co., Inc.)*, 59 F.3d 1078, 1082 (10th Cir. 1995) ("there is no right to trial by jury in a trustee's Section 549 claim for recovery of a post-petition transfer").

[30] *Id.*

maneuvering with the present motion. The Moving Defendants simply have not given their consent for jury trial in this court on the claims on which they are entitled to a jury trial, which is their right. Many of the claims made against the Moving Defendants are non-core state law claims, which weighs in favor of withdrawal of the reference as to those claims.[31] Ultimately, the Court concludes the claims made in this proceeding against the Moving Defendants are predominated by matters that require a final determination in the District Court.

That stated, the facts underlying the claims in this proceeding and the counts stated against some of the parties other than the Moving Defendants are also intertwined. The claims made against all defendants arise out of a common nucleus of facts concerning transfers amongst the various individuals and entities at play. For example, the claims made against Mr. Niles also implicate the origin of Open Country, LLC and the funds flowing to and from that entity, and Mr. Niles's management of Debtor and his other entities is intertwined with the claims made against Mr. Bemis, Mr. Gatzke, and Open Country, LLC. Almost all the non-state law claims in this adversary proceeding allege some kind of prepetition or postpetition

---

[31]  Where there are common fact issues for both legal and equitable claims, the issues must be tried to a jury. 9 Wright & Miller *Federal Practice & Procedure* § 2302.1, p. 32.

unauthorized transfer – an area of law in which bankruptcy courts are general subject matter experts.

This factor weighs in favor of this Court managing the entire proceeding while the parties undertake discovery and pretrial motions. This will be more convenient for the parties, as it will reduce potential duplicative discovery and litigation resources. Likewise, keeping the entire proceeding at the bankruptcy court will be a better use of judicial resources, as the bankruptcy case of the underlying Debtor is certainly familiar to this Court (Debtor filed its Chapter 11 petition more than two years ago in May 2021) and this Judge has overseen the bankruptcy case and two additional adversary proceedings related thereto.[32] This Court therefore recommends the bankruptcy court keep all claims in this adversary proceeding, and only transfer the jury-triable claims against the Moving Defendants to the District Court once those claims against the Moving Defendants are ready for trial.[33]

---

[32] *See, e.g.*, *Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty)*, 190 B.R. 653, 656 (D. Kan. 1995) (court may decline to withdraw reference until the case is ready for trial, considering how far along litigation has developed and "whether bankruptcy court is familiar with the facts and issues presented").

[33] *E.g.*, *Lindemuth v. Lloyd & Maclaughlin, LLC (In re Lindemuth)*, No. 21-2554-EFM, 2022 WL 369413, at *6 (D. Kan. Feb. 8, 2022) (citing cases and stating: "Courts in this District have repeatedly recognized that the mere existence of a right to a jury trial does not automatically translate into an immediate withdrawal of reference.").

## III. Conclusion

Section 157(d) provides that a "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The Court concludes cause has been show for withdrawal and recommends withdrawal of the reference and transfer to the District Court for trial the following Counts against the Moving Defendants (Mr. Bemis, Mr. Gatzke, and Open Country, LLC):

- Count 16: aiding and abetting a breach of fiduciary duty, against Mr. Bemis and Mr. Gatzke.

- Count 17: tortious interference with business expectancy, against Open Country, LLC, Mr. Bemis, and Mr. Gatzke.

- Count 18: conversion, against Open Country, LLC.

The Court recommends this Court manage all discovery and pretrial motions in this proceeding, and trial of the remaining Counts against the Moving Defendants and all other defendants.

**It is so Ordered**.

### # #

22